UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SHELLEY ANNE SCHOENFELD,

      Plaintiff,

v.                          Case No:  2:26-cv-01108-JES-NPM

PRECISION  TOXICOLOGY,  LLC.
D/B/A PRECISION DIAGNOSTICS,

      Defendant.

_____

## OPINION AND ORDER

This matter comes before the Court on review of the Complaint (Doc. #1) filed on April 10, 2026.[1]  Subject matter jurisdiction is premised on the presence of a diversity of citizenship between the parties.  (Id. ¶ 2.)  This requires complete diversity of citizenship, and that the matter in controversy exceed the sum or value of $75,000, exclusive of interest and costs.  28 U.S.C. § 1332(a); Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1261 (11th Cir. 2000).

Plaintiff alleges that the amount in controversy is "greater than $75,000" with some supporting facts; however, it is not entirely clear that the amount in controversy truly exceeds $75,000 exclusive of interest and costs.  28 U.S.C. § 1332(a).  Therefore, the allegation is insufficiently stated.

---

[1] If the Court determines "at any time" that it lacks subject-matter jurisdiction, the Court must dismiss the case.  Fed. R. Civ. P. 12(h)(3).

Plaintiff alleges that Defendant is a California limited liability company organized with an address of 4215 Sorrento Valley Blvd., San Diego, California 92121.  (Doc. #1, ¶ 3.)  A limited liability company is a citizen of any state of which a member is a citizen.  Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020 (11th Cir. 2004).  Plaintiff has not identified any member's citizenship.  Additionally, Plaintiff has not properly alleged her citizenship as she only states that she "is a resident of Port Charlotte, in Charlotte County, Florida." "In order to be a citizen of a State within the meaning of the diversity statute, a natural person must both be a citizen of the United States and be domiciled within the State."  Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 828 (1989).  Pleading residency is not the equivalent of pleading domicile.  Molinos Valle Del Cibao, C. por A. v. Lama, 633 F.3d 1330, 1341 (11th Cir. 2011); Corporate Mgmt. Advisors, Inc. v. Artjen Complexus, Inc., 561 F.3d 1294, 1297 (11th Cir. 2009); Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994).  "A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom."  McCormick v. Aderholt, 293 F.3d 1254, 1257-58 (11th Cir. 2002) (internal quotation marks and citations omitted).

Further, the Complaint in its current state is a shot-gun pleading.[2] "Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.'" Weiland v. Palm Beach Cnty. Sheriff's Off., 792 F.3d 1313, 1320 (11th Cir. 2015). Of the four categories outlined in Weiland, the most prominent shotgun pleading occurs where a party incorporates preceding paragraphs from the previous counts, thereby leading to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions. Id. at 1324 (citations and quotation marks omitted).

Counts II and III re-assert and re-allege all preceding paragraphs. (Doc. #1, ¶¶ 29, 32.) By doing so, this Complaint is a "quintessential 'shotgun' pleading—the sort of pleading we have been roundly condemning for 30 years." See Keith v. DeKalb Cnty., 749 F.3d 1034, 1045 n.39 (11th Cir. 2013)(collecting cases). As a result, each count is now "replete with factual allegations that could not possibly be material to that count . . .." Magluta v. Samples, 256 F.3d 1282, 1284 (11th Cir. 2001).

Since the Complaint currently fails to establish subject-matter jurisdiction and is a shot-gun pleading, Plaintiff will be

---

[2] This Court has an obligation "to take the initiative to dismiss" the Complaint but must give Plaintiff an opportunity to replead before dismissing his case with prejudice on non-merits shotgun pleading grounds. See Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291, 1296 (11th Cir. 2018); Weiland, 792 F.3d at 1321 n. 10.

provided an opportunity to fix the shot-gun pleading and state the presence of federal jurisdiction pursuant to 28 U.S.C. § 1653.

Accordingly, it is now

**ORDERED:**

The Complaint (Doc. #1) is **dismissed** for lack of subject matter jurisdiction without prejudice to filing an Amended Complaint within **SEVEN (7) DAYS** of this Order.

**DONE AND ORDERED** at Fort Myers, Florida, this ___20th___ day of April 2026.

 

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Parties of record

4